UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMUNDO SANDOVAL, | ) | CV F 03 5712 REC WMW HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS RE |
| | ) | DISMISSAL OF ACTION FOR TO OBEY A |
| v. | ) | COURT ORDER AND FAILURE TO |
| | ) | PROSECUTE |
| | ) | |
| CALDERON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on May 7, 2003, in the United States District Court for the Central District of California. On May 19, 2003, the action was transferred to this Court. As Petitioner's sole ground for relief, he alleges that the trial court erred by instructing the jury with CALJIC No. 17.41. On July 28, 2003, the court entered an order granting Petitioner's request to hold this petition in abeyance pending exhaustion of an ineffective assistance of counsel claim in the California state courts. The order requires Petitioner to file status reports every six months, informing the court of the progress of Petitioner's case before the California Supreme Court. The court further orders Petitioner to file a copy of any ruling by the California Supreme Court

within fifteen days of the entry of such a ruling.

On July 14, 2004, Petitioner filed a document entitled "First Amended Writ of Habeas Corpus F.R.C.P. 15c(2) Motion to Consolidate with the Original Pleading." On August 8, 2004, this court entered an order stating that it would disregard Petitioner's First Amended Petition filed July 13, 2004, until such time that the case was no longer in abeyance.

On September 22, 2004, Petitioner filed a six month status report in which he explains that the California Supreme Court has entered a decision denying his petition for writ of habeas corpus and attaching a copy of the decision. Petitioner further and a motion requesting that the court reinstate his original petition and consolidate it with his first amended petition, previously filed while this case was in abeyance.

On November 22, 2004, the court entered an order in which it held as follows:

**ORDER**
1) This case shall no longer be held in abeyance;
2) Petitioner's motion to reinstate his original petition and consolidate it with his first amended petition is HEREBY DENIED;
3) Petitioner is HEREBY GRANTED thirty (30) days from the date of service of this order within which to file a second amended petition containing all of his grounds for relief. Upon the filing of Petitioner's second amended petition, the court will issue further orders regarding this case.

This order was served on Petitioner at his then existing address of record. Petitioner has not filed a second amended petition or otherwise acknowledged the court's order. On December 15, 2004, Petitioner filed a change of address.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

(dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

Accordingly, on February 16, 2005, this Court ordered Petitioner to show cause within thirty days of the date of service of this order why this Petition should not be dismissed for failure to comply with a court order. Petitioner did not respond to this Court's order.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May 7, 2003. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-133; <u>Henderson</u>, 779 F.2d 1424. Thus, Petitioner had adequate warning that dismissal could result from his noncompliance with the court's order.

RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to obey a court order and failure to prosecute.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-

304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 2, 2005**             /s/  **William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE